UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 17-2025-WCT

UNITED STATES OF AMERICA

v.

KEITH MARVIN COAKLEY,

   Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:  /s/ Jeremy T. McCall
     JEREMY T. MCCAL
     ASSISTANT UNITED STATES ATTORNEY
     Court ID No. A5502100
     99 N. E. 4th Street
     Miami, Florida  33132-2111
     TEL (305) 961-9136
     FAX (305) 530-7976

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>KEITH MARVIN COAKLEY,<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 17-2025-WCT<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __12/24/2016__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) and (b)(2) | The defendant, having previously been ordered removed and deported from the United States, did enter and attempt to enter the United States, without permission from the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States. |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Todd Nichols, Patrol Agent/USBP
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/10/17

_____
*Judge's signature*

City and state: __Miami, Florida__   __William C. Turnoff, U.S. Magistrate Judge__
*Printed name and title*

## AFFIDAVIT

I, Todd D. Nichols, being duly sworn, depose and state the following:

1. I am a Border Patrol Agent with the U.S. Border Patrol, Customs and Border Protection ("CBP") and have been so employed for approximately five years. As a Border Patrol Agent, my duties include the detection and interdiction of individuals illegally entering the United States and those aliens who are currently within the United States illegally. My current responsibilities include the investigation of criminal and administrative violations related to the Immigration and Nationality Act and other federal criminal offenses.

2. The statements contained in this affidavit are based upon my own personal knowledge, as well information provided to me by other law enforcement officials and employees of U.S. Border Patrol. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me or law enforcement in this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that Keith Marvin COAKLEY ("COAKLEY"), having previously been ordered removed and deported from the United States, did enter and attempt to enter the United States, without permission from the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States.in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

3. On December 24, 2016, at approximately 9:30 a.m., United States Customs and Border Protection Air Marine Officers (AMO) were patrolling near Miami, Florida and overheard a radio transmission from U.S. Coast Guard (USCG) helicopter (CG6540) asking for assistance. Once radio contact was made, USCG officers stated they were tracking a vessel heading west

towards Haulover inlet in Miami, Florida. USCG requested AMO to assist and stop the inbound vessel.

4. At approximately 10:00 a.m., AMO spotted the suspect vessel and initiated a stop on a 29' Robalo vessel bearing Florida registration FL8566PP. Once on board, AMO encountered four adult males. David Jimenez Menendez identified himself as the sole operator of the vessel. When asked by AMO agents where the vessel was coming from, Jimenez Menendez stated that they were travelling from the Bahamas. Additionally, Jimenez Menendez stated the only purpose of the trip was to transport one of the passengers, Keith Marvin COAKLEY, to the United States. Jimenez Menendez stated he was unaware of any immigration violations and that he intended to call U.S. Customs upon their arrival. When asked the purpose of his trip, Jimenez Menendez stated that he was doing a favor for COAKLEY's aunt, and the trip's sole purpose was to transport COAKLEY to the United States. AMO Agents proceeded to run record checks on all four subjects through the National Law Enforcement Communications Center. It was determined through record checks that COAKLEY, a national of the Bahamas, had been previously deported from the United States, and the other two passengers of the vessel had lawful status within the United States. All subjects and the vessel were subsequently taken to Dania Beach Border Patrol Station for further investigation.

5. Operators of maritime vessels arriving at any port or place within the United States from a foreign country are required to report their arrival into the United States to the nearest customs facility or such other place prescribed by regulations and have twenty-four (24) hours to present themselves and their crew/passengers to a CPB office for inspection if required. Records checks revealed that Jimenez Menendez had previous encounters with CBP officers concerning the fact that he did not notify CBP of his arrival into the United States from a foreign country via

maritime vessel and had disembarked passengers without having them check-in at a CBP office. CBP additionally has no record of Jimenez Menendez informing them of his arrival from the Bahamas on December 24, 2016 prior to his encounter with CBP.

6. One of the passengers on board the vessel operated by Jimenez Menendez stated that their intended destination was a house with dock access.

7. At Dania Beach Border Patrol Station, COAKLEY's fingerprints and photograph were submitted into databases which revealed that on November 18, 2002, COAKLEY was ordered removed by an Immigration Judge and was subsequently removed from the United States to the Bahamas on February 7, 2003. A search of documents contained in COAKLEY's alien file and Department of Homeland Security databases revealed that COAKLEY did not have status or permission to enter the United States on December 24, 2016.

8. Based upon the foregoing, your Affiant states that there is probable cause to believe that on or about December 24, 2016, Keith Marvin COAKLEY, having previously been ordered removed and deported from the United States, did enter and attempt to enter the United States, without permission from the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States.in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Todd D. Nichols
U.S. Border Patrol Agent

Sworn to and subscribed before me
this 9th day of January, 2017

WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

3